UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARGILL INCORPORATED

VERSUS

PHILEN FARM PARTNERSHIP

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2009 JAN -8 P 2: 12

BY DEPUTY CLERK

CIVIL ACTION

NO. 08-458-JVP-SCR

## RULING

This matter is before the court on a motion by plaintiff, Cargill Incorporated ("Cargill"), to stay proceedings pending arbitration (doc. 8). Defendant, Philen Farm Partnership ("Philen Farm"), has opposed the motion (doc. 15) and Cargill has replied to the opposition (doc. 19). Jurisdiction is based on 28 U.S.C. § 1332.[1] The matter is now submitted and there is no need for oral argument.

## BACKGROUND

Cargill filed this action on July 23, 2008, alleging that Philen Farm breached two separate contracts, one obligating it to sell wheat to Cargill and the other obligating it to sell soybeans (original complaint, ¶¶ 4-16).[2] Philen Farm answered

---

[1]The complaint alleges that plaintiff, Cargill, is a Delaware corporation with its principal place of business in Minnesota and that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction (original complaint). In response to an order to amend the complaint in order to address the citizenship of defendant for purposes of diversity jurisdiction (doc. 14), Cargill alleges that Philen Farm is a Louisiana partnership consisting of the following partners: James A. Philen, Sr., Cheryl M. Philen, and James A. Philen, Jr., all of whom are citizens and domiciliaries of Louisiana (supplemental and amended complaint).

[2]Copies of the alleged contracts were attached as exhibits to the complaint. See (original complaint, Exs. A & B). The contract for the sale of wheat bears the contract number, PORA-GO-26714 (doc. 1, Ex. A). The contract for the sale of soybeans bears the contract number, PORA-GO-26593, and includes an amendment, captioned "Premium Offer (Credit Sale Contract)" as well

1

the complaint by denying that it had contracted with Cargill for the delivery of wheat, but admitted that it had entered into a contract with Cargill for the delivery of soybeans and had "agreed to the amendment of the soybeans contract" referenced in the complaint (answer to complaint, ¶¶ 3-10, 11-15). Philen Farm denied breaching the soybean contract and filed a counterclaim against Cargill, alleging that it incurred damages when Cargill breached the soybean contract by closing down its facilities during the contracted delivery dates (counterclaim, ¶¶ 1-5).

After denying the allegations asserted in the counterclaim (doc. 5), Cargill filed the current motion to stay proceedings pending arbitration, maintaining that it had discovered provisions in both contracts that require the parties to arbitrate all disputes that arise under the contracts or are related to their formation. Cargill was then granted leave to supplement exhibits to the complaint by filing copies of the contractual purchase terms, which, according to Cargill, were inadvertently omitted from the initial filing (doc. 12).[3]

The contractual purchase terms submitted by Cargill provide in pertinent part:

> Unless otherwise provided herein, this contract and all other grain contracts by and between Buyer and Seller, shall be subject to the Trade Rules of the National Grain and Feed Association (NGFA) which Trade Rules are incorporated herein by reference. The parties agree that

---

as an "Addendum to Premium Offer (TM Contract)" (doc. 1, Ex. B).

[3]Cargill maintains that after filing the complaint it discovered an additional page of provisions printed on the back side of both contracts (doc. 9-3). These were filed into the record as additional exhibits to the complaint on November 4, 2008. See (doc. 13, Exs. A&B).

>the sole forum for resolution of all disagreements or disputes between the parties arising under any grain contract between Buyer and Seller or relating to the formation of any grain contract between Buyer and Seller shall be arbitration proceedings before NGFA pursuant to NGFA Arbitration Rules. The decision and award determined by such arbitration shall be final and binding upon both parties and judgment upon the award may be entered in any court having jurisdiction thereof.

(Doc. 13, Exs. A & B, ¶ 1).

## LAW AND DISCUSSION

The Federal Arbitration Act provides:

>If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

When considering a motion to compel arbitration under the Federal Arbitration Act:

>First, a court must "determine whether the parties agreed to arbitrate the dispute in question." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996)); see also *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). Second, a court must determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of

> those claims." *Mitsubishi Motors*, 473 U.S. at 628, 105 S.Ct. 3346.
>
> * * *
>
> The first step of the analysis-whether the parties agreed to arbitrate the dispute in question-consists of two separate determinations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Webb*, 89 F.3d at 258 (citing *Daisy Mfg. Co. v. NCR Corp.*, 29 F.3d 389, 392 (8th Cir.1994)); see also *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1065 (5th Cir.1998).

*Tittle v. Enron*, 463 F.3d 410, 418-19 (5th Cir. 2006).

**Whether the Parties Agreed to Arbitrate the Dispute**

The plain language of the purchase terms of both contracts provides that arbitration shall be the sole forum for all disputes that either arise under any grain contract between the parties or that relate to the formation of any grain contract between them. Therefore, the disputes before the court fall within the scope of the arbitration provision, and to determine whether the parties agreed to arbitrate these disputes, the only issue that the court must address is whether the parties validly agreed to the arbitration provision included in the purchase terms.

Philen Farm maintains that the written contracts filed into the record fail to demonstrate that the parties agreed to arbitrate disputes because neither contract is signed by any partner or agent of Philen Farm. In its answer to the complaint, however, Philen Farm admits contracting with Cargill for the sale of soybeans (answer, ¶ 11). Moreover, Philen Farm admits agreeing to the amendment of the

soybean contract referenced in paragraph thirteen of the complaint. (answer, ¶ 13). That amendment specifically references the original contract, PORA-GO-26593, and provides that all terms and conditions of the original contract remain in full force and effect unless modified by the amendment (answer, ¶ 13; complaint, Ex. B, p. 2).

Philen Farm has therefore admitted that it agreed to the provisions of the written contract, numbered PORA-GO-26593, including the first paragraph of the Terms and Conditions, which requires the parties to arbitrate all disputes that arise under a grain contract or are related to its formation.[4] Thus, the court concludes that the parties made a valid agreement to arbitrate these disputes, one of which arises out of the soybean contract and the other which relates to the formation of a contract between the parties for the sale of wheat.[5]

**Whether Legal Constraints External to the Agreement Bar Arbitration**

Philen Farm argues that even if the court finds that it validly agreed to the arbitration provision of the soybean contract, arbitration is barred because Cargill did not submit a complaint to the NGFA within a year of the expiration date for performance as required by NGFA rules.[6] In support of that position, Cargill cites Section 3(d) of the NGFA Arbitration Rules, which provides:

---

[4]The amendment did not modify the arbitration provision of the contract.

[5]In light of Philen Farm's admission, the court need not undertake an analysis under Louisiana contract law to determine whether the parties validly agreed to arbitrate the dispute.

[6]Cargill claims that August 31, 2007 marked the last date for performance pursuant to the contract and notes that the complaint was not filed with the NGFA until October 24, 2008.

> The original complaint in connection with any disputed matter proposed for arbitration must be filed with the National Secretary within twelve (12) months after a claim arises, or within twelve (12) months after the expiration date for performance of the contract or contracts involved, whichever occurs last; except that in cases between a member and nonmember arbitrated pursuant to a court order, the complaint must be filed within 30 days of issuance of the court order, or within twelve (12) months after a claim arises, or within twelve (12) months after the expiration date for performance of the contract or contracts involved, whichever comes last.

See (doc. 8-4, § 3(d)).

Section 3(d), however, provides that a complaint is timely if it is filed with the association within twelve months of the expiration date for performance *or* within twelve months of the date on which the claim arose, "*whichever comes last.*" Thus, it does not bar arbitration if the claim was filed with the association within twelve months of the date the claim arose.

An essential element of a claim for breach of contract under Louisiana law is harm or damage proximately caused by the breach. *Brown v. Slenker*, 220 F.3d 411, 426 (5th Cir. 2000). Cargill maintains that it did not sustain actual damages, and that the claim therefore did not arise, until "long after the failed 2007 delivery" when negotiations between the parties failed to resolve the dispute and Cargill was forced to turn to the open market to meet its soybean requirements (doc. 19, p. 3).

"The Federal Arbitration Act (FAA) establishes a federal policy favoring arbitration." *Terrebonne v. K-Sea Transp. Corp.*, 477 F.3d 271, 283 (5th Cir. 2007)

6

(citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth* Inc. 473 U.S. 614 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985). "Under the FAA, jurisdiction by the courts to intervene into the abitral process prior to issuance of an award is very limited." *Gulf Guar. Life Ins. Co. v. Connecticut General Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002). "[C]hallenges to the procedural aspects of arbitration are for the arbitrator to decide." *Id.* (citing *Smith Barney Shearson, Inc. v. Boone*, 47 F.3d 750, 753-54 (5th Cir. 1995)). "[C]ourts should not decide questions of procedural arbitrability unless a rational mind could not possibly rule for the party seeking arbitration." *General Warehousemen and Helpers Union Local 767 v. Albertson's Distribution Inc.*, 331 F.3d 485, 490 (5th Cir. 2003) (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 555, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); *Oil, Chemical & Atomic Worker's Int'l Union, Local 4-447 v. Chevron Chemical Co.*, 815 F.2d 338, 343 (5th Cir. 1987)). "In view of the policies favoring arbitration and the parties' adoption of arbitration as the preferred means of settling disputes, such cases are likely to be rare indeed." *John Wiley*, 376 U.S. at 558, 84 S.Ct. at 918-19.

"[W]hen there are doubts, as in this case, as to whether an issue is arbitrable, they should be resolved in favor of arbitration." *Oil, Chemical and Atomic Workers' International Union, Local 4-477 v. Chevron Chemical Co.*, 815 F.2d 338, 343 (5th Cir. 1987). Resolving all doubts in favor of arbitration, the court concludes that a rational arbitrator could find that the claim was filed within twelve months of the date

on which the claim arose. Thus, arbitration is the proper forum for resolution of Philen Farm's challenge.

## CONCLUSION

For the foregoing reasons, the motion by plaintiff, Cargill Incorporated, to stay proceedings pending arbitration (doc. 8) is hereby **GRANTED**, and all court proceedings in this matter shall be stayed pending arbitration to be conducted by the National Grain and Feed Association.

Baton Rouge, Louisiana, January 7, 2009.

*JAMES J. BRADY*
*U.S.D.J. for.*

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA